RAMÓN OTERO, Plaintiff and Appellant, v. AGUSTINA MIRABAL, Defendant and Appellee.

No. 4289. Argued January 26, 1928.—Decided February 14, 1928.

*Carlos del Toro Fernández* for the appellant.   *Dubón & Ochoteco* for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Ramón Otero sued Agustina Mirabal and called his action one for the specific performance of contract, alleging in his complaint that in 1913 Prudencio Cordero was the owner of a lot and two houses described; that in the same year Cordero asked for and obtained from the defendant a loan of four hundred dollars for an indefinite time bearing interest at the rate of two percent monthly and secured by the said lot and houses which were then valued at seven hundred dollars; that as the interest charged exceeded the legal rate, the defendant exacted that the contract be made to appear as a fiduciary contract, to which Cordero agreed; that Cordero continued acting as owner, renting the houses and receiving for himself the rents, paying the taxes, etc., until 1916 when he sold his property to the plaintiff, who continued in like manner acting as owner and paying the interest on the loan to the defendant; that notwithstanding, the defendant in 1922 and without his knowledge succeeded in having the consummation of the sale recorded in the registry; that the plaintiff has demanded on several occasions that the defendant accept the four hundred dollars of the loan and execute to him a deed of conveyance of the title, but the defendant has refused, and that the plaintiff repeats his offer to pay and prays the court to order the defendant to accept it and execute the corresponding deed.

The defendant pleaded that the complaint did not state

facts sufficient to constitute a cause of action and it was so held by the district court on the ground that the action was barred in accordance with the doctrine established by this Supreme Court in *Collado* v. *Succession of Honoré*, 36 P.R.R. 2. The ruling was entered as a judgment and the plaintiff has appealed, assigning as error that the district court weighed erroneously the facts on which the action was based.

In his argument on the assignment the appellant contends that he was not prosecuting an action for annulment, but one for the specific performance of contract and that, therefore, the jurisprudence cited does not apply.

The *Collado Case, supra,* is based on the case of *Molina* v. *Hernández*, 33 P.R.R. 176, and in both cases the attention of the court was fixed on the question of nullity as distinguished from that of a void contract and it was held in both that a loan contract which is made to appear as a fiduciary contract was voidable but not void and, therefore, that the action for its annulment prescribed four years after the date of the agreement of resale.

This case presents itself in a new aspect. Although it is stated in the complaint that the loan contract was made to appear as a fiduciary contract and on the date of its filing more than four years had elapsed since the expiration of the time within which to repurchase, it is further alleged that the parties continued acting always as if it were a case of a loan contract, that is, the plaintiff acting as owner and the defendant limited to receiving the interest agreed upon.

Such being the case, having to admit the truth of all facts alleged in considering a demurrer, we understand that the plaintiff should be given the opportunity for a trial. The evidence submitted by both parties shows more clearly the nature of the contract and allows a better weighing of the influence of the acts of the parties on the question of whether or not the statute of limitation applies.

The judgment appealed from must be reversed and the

case remanded to the trial court for further proceedings not inconsistent with this opinion.

Mr. Justice Texidor took no part in the decision of this case.